**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALVIN CHIQUOLA,

Plaintiff,

vs.

WALMART, INC.,

Defendant.

Case No.: 2:26-cv-00343-GMN-DJA

**ORDER GRANTING MOTION TO REMAND**

Pending before the Court is the Motion to Remand, (ECF No. 4), filed by Plaintiff Alvin Chiquola. Defendant Walmart, Inc. filed a Response, (ECF No. 7), to which Plaintiff replied, (ECF No. 11).

For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Remand.

## I. <u>BACKGROUND</u>

This case arises from an automobile accident on November 15, 2022, at a Walmart Auto Care Center in Las Vegas, Nevada. Plaintiff Alvin Chiquola alleges that he was injured after being struck by a vehicle operated by a Walmart employee. (Compl. ¶¶ 8–11, Ex. 1 to Not. Removal, ECF No. 1-1). On August 23, 2024, Plaintiff commenced this action in the Eighth Judicial District Court for Clark County, Nevada, asserting claims for (1) premises liability, (2) negligent hiring, training, supervision, and retention, (3), negligence, (4) negligence per se, and (5) vicarious liability. (*Id.* ¶¶ 12–42).

Less than five months later, on January 6, 2025, Plaintiff filed a Request for Exemption from Arbitration. (*See* Req. for Exemption, Ex. 4 to Notice of Removal, ECF No. 1-4). In that filing, Plaintiff represented that he had incurred approximately $40,190.16 in past medical expenses and approximately $74,919.74 in estimated future medical expenses, claiming total

medical damages of approximately $115,109.90. (*Id*.).

On February 5, 2026, Plaintiff served a Supplemental Disclosure identifying medical specials totaling approximately $98,679.61. (Not. Removal ¶ 7, ECF No. 1). On February 11, 2026, more than one year after Plaintiff's August 23, 2024 commencement of the lawsuit in state court, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting that complete diversity exists between the parties and that the amount in controversy exceeds $75,000. (*Id*. ¶¶ 8–13). Defendant further asserted that Plaintiff's February 5, 2026, Supplemental Disclosure constituted the first paper from which it could ascertain that the amount in controversy exceeded the jurisdictional threshold. (*Id*. ¶¶ 7, 10, 13).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity is determined, and must exist, at the time the complaint is filed and removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). A corporation is deemed to be a citizen of every state by which it is incorporated, as well as the state where it has its principal place of business. 28 U.S.C. § 1322(c)(1).

## III. DISCUSSION

Plaintiff argues that remand is required because Defendant removed this action more than one year after commencement of the case in violation of 28 U.S.C. § 1446(c)(1). (Mot. Remand 2:20–22, ECF No. 4). Defendant responds that Plaintiff acted in bad faith by delaying disclosure of medical records and damages information until after expiration of the one-year removal period, thereby preventing Defendant from ascertaining that the amount in controversy exceeded $75,000 until Plaintiff served the February 5, 2026, Supplemental Disclosure. (Resp. 5:2–10:18, ECF No. 7). The Court agrees with Plaintiff.

### A. Defendant's Removal Was Untimely

When removal is based on diversity jurisdiction, a defendant ordinarily must remove within thirty days after receiving the initial pleading or, if the case is not initially removable, within thirty days after receiving an amended pleading, motion, order, or other paper from which removability may first be ascertained. 28 U.S.C. §§ 1446(b)(1), (3). The Ninth Circuit has adopted a bright-line rule under which the thirty-day removal period is triggered only when removability is ascertainable from the face of the paper received by the defendant. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694–95 (9th Cir. 2005). A defendant likewise has no

independent duty to investigate facts outside the pleadings or other papers in order to determine whether a case is removable. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013).

Even when removal is otherwise timely under § 1446(b)(3), there is an additional limitation in diversity cases. Section 1446(c)(1) provides:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1). Although § 1446(b)(3) permits removal within thirty days after a defendant first ascertains that a case has become removable, that provision "is subject to [the] restriction set forth in § 1446(c)(1)." *Brown v. Walmart*, No. 2:24-cv-00213-MMD-BNW, 2024 WL 1343213, at *2–3 (D. Nev. Mar. 29, 2024).

Here, Plaintiff commenced this action on August 23, 2024. Defendant filed its Notice of Removal on February 11, 2026, approximately eighteen months after commencement of the action. Accordingly, because Defendant removed this action more than one year after its commencement, removal is proper only if Defendant establishes that Plaintiff "acted in bad faith in order to prevent [D]efendant from removing the action." *Brown*, 2024 WL 1343213, at *2–3 (quoting 28 U.S.C. § 1446(c)(1)).

**B. The Bad-Faith Exception**

The Ninth Circuit has not articulated what constitutes bad faith under § 1446(c)(1). *Rodriguez v. Ford Motor Co.*, No. 5:26-cv-00411-RGK-ACC, 2026 WL 891834, at *2 (C.D. Cal. Mar. 31, 2026). District courts within the Ninth Circuit have consistently recognized that the exception imposes a high threshold and that the removing defendant bears the burden of demonstrating that the plaintiff acted in bad faith to prevent removal. *Id.* at *1–2 (citing *Kolova*

*v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196 (W.D. Wash. 2020)); *Brown*, 2024 WL 1343213, at *3–4.

Defendant contends that Plaintiff acted in bad faith by intentionally delaying disclosure of information demonstrating that the amount in controversy exceeded $75,000 until after expiration of the one-year removal period. (Resp. 6:16–7:16). Specifically, Defendant argues that Plaintiff possessed medical records documenting treatment received throughout 2023, 2024, and 2025 but did not disclose medical specials exceeding $75,000 until the one-year removal period expired. (*Id*. at 7:1–16). Defendant therefore asks the Court to infer that Plaintiff intentionally delayed supplementation in order to prevent removal. (*Id*. at 12:4–14). The record does not support that inference.

The district court's decision in *Lindquist v. Target Corp.* is instructive. There, the defendant argued that the plaintiff deliberately withheld information establishing that the amount in controversy exceeded $75,000 until after the one-year removal deadline. *Lindquist v. Target Corp.*, No. 19-cv-08029-HSG, 2020 WL 789568, at *2 (N.D. Cal. Feb. 18, 2020). The court rejected that argument, explaining that the plaintiff had continued receiving medical treatment throughout the litigation and responded to discovery requests regarding the extent of her damages as that information became available. *Id.* Because "[n]othing in the record suggest[ed]" that the plaintiff intentionally delayed disclosure to prevent removal, the court concluded that the defendant failed to establish bad faith. *Id.*

The same reasoning applies here. Defendant's argument rests principally on the timing of Plaintiff's supplemental damages disclosures. Defendant contends Plaintiff could have produced certain medical records and billing information earlier because portions of Plaintiff's treatment predated the February 2026 Supplemental Disclosure. (Resp. 9:12–10:26). Plaintiff, however, explains that medical treatment remained ongoing throughout the litigation, that records and billing information were obtained from multiple medical providers over time, and

that supplementation occurred after additional records had been collected in preparation for mediation. (Reply 2:22–3:15). As in *Lindquist*, the record reflects continuing medical treatment and evolving damages information rather than evidence of intentional concealment. Defendant has not identified evidence that Plaintiff deliberately concealed the amount in controversy, intentionally withheld jurisdictional facts, or otherwise engaged in conduct designed to prevent removal.

Because Defendant has failed to establish that Plaintiff acted in bad faith within the meaning of § 1446(c)(1), the statutory exception does not apply. Defendant's removal, filed more than one year after commencement of this action, was therefore untimely. Accordingly, the Court GRANTS the Motion to Remand.

**C. Attorney's Fees and Costs**

Plaintiff next requests attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (Mot. Remand 5:12–18). A district court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Although Defendant's removal was procedurally improper, the Court cannot conclude that Defendant lacked an objectively reasonable basis for asserting that Plaintiff's February 5, 2026, Supplemental Disclosure constituted the first paper from which removability could be ascertained or for arguing that Plaintiff's conduct satisfied § 1446(c)(1)'s bad-faith exception. While the Court ultimately rejects Defendant's position, it was not objectively unreasonable. Accordingly, the Court declines to award attorney's fees and costs.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 4), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **REMAND** this case to the Eighth Judicial District Court of Clark County for further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs is **DENIED**.

The Clerk of Court is kindly directed to close this case.

**DATED** this __29___ day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT